**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORD & TAYLOR LLC, | Civil Case No._____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | **Jury Demand Endorsed Hereon** |

Plaintiff Lord & Taylor LLC, ( "Lord & Taylor"), by way of its Complaint against

Defendant Great American Insurance Company ("GAIC"), and through its undersigned counsel,

alleges the following:

## INTRODUCTION

1. This is an insurance coverage dispute in which GAIC has failed to honor its

most fundamental promise to protect Lord & Taylor against loss resulting from crime.

2. Last year, Lord & Taylor was the victim of a common fraudulent scheme by

which online fraudsters stole merchandise while ordering goods via computer from Lord &

Taylor's website.  Upon discovery of the computer fraud, Lord & Taylor moved swiftly to

prevent further fraud, involved local and federal law enforcement specializing in computer theft,

minimized the fraudulent transaction losses, and thereby prevented several millions of dollars

more in potential thefts--much to the benefit of GAIC.

3. Despite selling comprehensive crime insurance coverage that specifically

included protection against losses from computer fraud that Lord & Taylor may experience as a

major retailer, GAIC elected to engage its policyholder in a protracted claims process in which it

raised numerous and baseless excuses to evade coverage. GAIC's claims conduct is especially egregious because GAIC misrepresented to Lord & Taylor that its claim was an uncovered "indirect" loss even though GAIC told a United States Court of Appeals just weeks earlier that such a claim would be a "direct" loss to a retailer under the kinds of circumstances experienced by Lord & Taylor.

4.   As such, this is an action for: (a) declaratory judgment regarding insurance coverage for losses as a result of a computer fraud crime incident against Lord & Taylor; and (b) compensatory and consequential damages for breach of GAIC's insurance policy obligations.

5.   The GAIC insurance coverage at issue is a "Crime Protection Policy" which, among other things, promises insurance coverage for losses suffered as a result of Computer Fraud. Lord & Taylor has been purchasing crime coverage for several years from GAIC, paying all insurance premiums due, under, among others, policy numbers SAA 20625260500, SAA 20625260501, and SAA 20625260600, for the insurance policy periods March 1, 2015 to March 1, 2018 (hereinafter, the "Computer Fraud Insurance Policy"). True and correct copies of the Computer Fraud Insurance Policy for the periods for March 1, 2015 to March 1, 2017 and March 1, 2017 to March 1, 2018 delivered to Lord & Taylor are set forth as Exhibits A and B respectively.

6.   In this action, Lord & Taylor seeks to have the Court construe the meaning of and enforce the insurance coverage for "Computer Fraud" loss sold by GAIC to Lord & Taylor. Lord & Taylor seeks a declaration that the terms of the Computer Fraud Insurance Policy obligate GAIC to cover Lord & Taylor for the losses it has suffered when third-parties schemed to use prepaid charge cards to fraudulently cause a transfer of Lord & Taylor merchandise through Lord & Taylor's online shopping computer system (the "Computer Fraud Incident").

docs-100082033.1

7.   Lord & Taylor seeks to enforce the Computer Fraud Insurance Policy with respect to the maximum amount of insurance coverage provided by GAIC to Lord & Taylor, because the loss suffered by Lord & Taylor directly resulted from the Computer Fraud Incident.

8.   The Computer Fraud Insurance Policy requires GAIC to pay the full costs of the losses resulting from the Computer Fraud Incident.

9.   Despite this express insurance coverage obligation, GAIC has refused to cover Lord & Taylor, and has attempted to evade and nullify its obligations and duties to Lord & Taylor by interposing specious defenses, asserting improper insurance policy interpretations, and forcing Lord & Taylor into litigation to enforce its rights under the Computer Fraud Insurance Policy for which Lord & Taylor has paid substantial premiums.

10. Lord & Taylor has complied with all applicable conditions or other requirements of the Computer Fraud Insurance Policy, including, without limitation, the payment of insurance premiums in full, the provision of notice, and provision of a proof of loss.

11. Lord & Taylor is entitled to have the Computer Fraud Insurance Policy interpreted in a reasonable manner that fulfills the promises of insurance protection by GAIC and also fulfills Lord & Taylor's reasonable expectations of insurance protection for loss resulting from Computer Fraud .

A.    **THE PARTIES**

(i)      **The Plaintiff**

12. Lord & Taylor LLC is an organization duly organized and existing under the laws of the State of Delaware, with its principal place of operations in New York, NY.

13. At all relevant times, Lord & Taylor LLC engaged in, among other things, the retail sale of merchandise online through its computer systems in the United States.

**(ii)      The Defendant**

14. Upon information and belief, GAIC is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business located in Cincinnati, Ohio.

15. Upon information and belief, GAIC is, and at all relevant times herein was, engaged in, among other things, the business of selling of, among other things, commercial crime insurance, including insurance coverage marketed, sold, and advertised to protect its policyholders from losses resulting from computer fraud.

16. Upon information and belief, GAIC is licensed to conduct the business of insurance in New York.  Upon information and belief, GAIC handled the subject insurance claim through its "Fidelity / Crime Insurance Division" claim department located at 65 Broadway, 11th Floor, New York, NY.

17. GAIC's policy periods of insurance coverage continued on and covered Lord & Taylor up through and including the dates of the Computer Fraud Incident suffered by Lord & Taylor and the resulting loss therefrom.

18. Upon information and belief, GAIC is a member insurance company of the Great American Insurance Group.

19. Upon information and belief, the claims handling conduct complained of in this Action was directed at Lord & Taylor's operations in New York from GAIC's claims agent in New York, NY.

**B.      JURISDICTION AND VENUE**

20. This Court has jurisdiction over GAIC because GAIC was, at all relevant times, a corporation authorized to transact business in the State of New York and/or conducted continuous and substantial business in the State of New York.

4

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff Lord & Taylor LLC is organized under the laws of Delaware and has its principal place of business in New York, NY , Defendant GAIC is incorporated and has its principal places of business in Ohio, and the amount in controversy exceeds the sum or value of $75,000.

22. Personal jurisdiction is proper in New York because at all relevant times, GAIC operated, conducted, engaged in or carried on a business or business venture in this state, there is the requisite nexus between the business and this Action, and because GAIC engages in substantial and not isolated activity within New York.  Further, venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Lord & Taylor LLC maintains its key business operations, including those involved in the submission of the insurance claim to GAIC in New York. Jurisdiction and venue are also proper because GAIC and its agents:

    (a)    have transacted business in New York;

    (b)    have contracted to supply services or goods in New York;

    (c)    have contracted to insure persons, property and risks located within New York at the time of contracting; and

    (d)    have directed their conduct, actions and activities to Lord & Taylor's agents in New York in connection with this dispute.

## C.    THE COMPUTER FRAUD INCIDENT

23.  In early March  2017, Lord & Taylor alerted GAIC through Sterling Risk that it had recently become aware that there had been fraudulent "purchase" transactions by third-parties of Lord & Taylor merchandise.  The fraudsters used prepaid charge cards and participated in a common fraudulent online scheme to obtain goods with values and purchase prices far in excess of the value of their prepaid cards.

24. Lord & Taylor determined that unusual fraudulent activity had occurred with prepaid cards being used to obtain merchandise through Lord & Taylor's computerized online shopping portal.

25. Upon Lord & Taylor's investigation, Lord & Taylor learned that there had been nearly $3 million in loss of merchandise resulting directly from the use of computers by third-parties to fraudulently cause a transfer of property from Lord & Taylor to fraudsters using prepaid cards.

26.  As a result of the Computer Fraud Incident, Lord & Taylor promptly informed GAIC and federal and local law enforcement, including the FBI and NYPD.

27. The FBI and NYPD jointly initiated a criminal investigation.

28. GAIC was timely notified of the Computer Fraud Incident.

29. On or about September 28, 2017, Lord & Taylor sent to GAIC and its claims handling agents Lord & Taylor's proof of loss, which contained an itemization of losses for merchandise fraudulently transferred by the computer fraud scheme, providing, among other things, a description of the merchandise and loss amount associated with that merchandise as a result of the Computer Fraud Incident.

30. Both before and after Lord & Taylor's submission of its proof of loss, Lord & Taylor provided upon GAIC's request, written detailed explanations of its loss and the circumstances of it, and responded to GAIC's supplemental questions concerning the crime insurance claim.

31. On or about January 22, 2018, GAIC denied Lord& Taylor's insurance claim, arguing that insurance coverage was barred under the terms of the Computer Fraud Insurance Policy.

6

### D.   GAIC'S COMPUTER FRAUD INSURANCE POLICY

32. Lord & Taylor purchased the Computer Fraud Insurance Policy from GAIC to provide comprehensive crime protection against losses resulting from, among other things, computer fraud.

33. Lord & Taylor now has been forced to sue for insurance coverage under the Computer Fraud Insurance Policy.

34. Lord & Taylor paid substantial premiums for the Computer Fraud Insurance Policy and has complied with all applicable conditions precedent under the Computer Fraud Insurance Policy.

35. Pursuant to the terms of the Computer Fraud Insurance Policy, GAIC is obligated to pay the full amount of losses suffered by Lord & Taylor as a result of the Computer Fraud Incident.

36. The Computer Fraud Insurance Policy provides "Computer Fraud Coverage" in the amount of CAD $25,000,000.

37. The Computer Fraud Insurance Policy defines "Computer Fraud" to mean "the loss of, and loss from damage to, **money, securities** and **other property** resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the **premises** or **banking premises**:

   a.   To a person (other than a **messenger**) outside those **premises;** or

   b.   To a place outside those premises."

38. Under the Computer Fraud Insurance Policy, GAIC defines "premises" to mean "the interior of that portion of any building you occupy in conducting your business."

39. Under the Computer Fraud Insurance Policy, GAIC defines "banking premises" to mean "the interior of that portion of any building occupied by a banking institution or similar safe depository."

40. Under the Computer Fraud Insurance Policy, GAIC defines "other property" to mean "any tangible property other than money and securities that has intrinsic value but does not include any property that is excluded under this insurance."

41. Under the Computer Fraud Insurance Policy, "occurrence" means, among other things, "all losses caused by:

    (1)    an act, or series of related acts, involving one or more persons;

    (2)    an act, or acts involving a person or group of persons acting together; or

    (3)    an act or event, or a series of related acts or events, not involving any identifiable person."

42. Lord & Taylor's losses claimed against GAIC directly resulted from the Computer Fraud Incident and are covered under the express terms of the Computer Fraud Insurance Policy and constitute one "occurrence" by any reasonable interpretation of the terms drafted by GAIC.

43. It was the intent and reasonable expectation of Lord & Taylor in purchasing crime insurance coverage from GAIC that Lord & Taylor would be protected by insurance coverage for the types of risk of loss attendant in the Computer Fraud Incident.

8

44. The Computer Fraud Insurance Policy also promises insurance coverage for up to CAD $300,000 for "claims expense" which GAIC defines, in relevant part, as the "reasonable expenses incurred by the Insured in establishing the existence and amount of any direct loss covered in excess of the deductible amount of this policy, as stated in the declarations." Therefore, GAIC is also liable under these terms for Lord & Taylor's expenses.

### E.   GAIC'S CONDUCT

45. GAIC has failed to honor and, instead, has repudiated its obligations under the Computer Fraud Insurance Policy.

46. GAIC has misrepresented the scope of insurance coverage under the Computer Fraud Insurance Policy by arguing for interpretations that conflict with any reasonable interpretation of the terms of the Computer Fraud Insurance Policy.

47. GAIC's misconduct includes denying insurance coverage based upon the improper argument that the prepaid card holders supposedly did not possess a fraudulent intent when they purchased merchandise exponentially more expensive than the amounts loaded onto their prepaid charge cards.

48. GAIC's misconduct also includes denying insurance coverage based upon the improper argument that there was no "direct" or "immediate" loss to Lord & Taylor, even though Lord & Taylor's merchandise was transferred and shipped directly and immediately to the prepaid card fraudsters as a result of their fraudulent scheme. Furthermore, the losses suffered were, at least, proximately caused by the Computer Fraud Incident and thus covered by the Computer Fraud Insurance Policy.

49. GAIC also misrepresented to Lord & Taylor the scope of its Computer Fraud Insurance Policy coverage by making an argument that is directly contrary to a representation it

9

made to the United States Court of Appeals for the Eleventh Circuit in November 2017, in an

action styled *Incomm Holdings, Inc. v. Great American Insurance Company*.  In order to gain

affirmance of a Computer Fraud coverage decision, GAIC represented to the Eleventh Circuit

Court of Appeals that insurance provisions similar, if not identical, to the Computer Fraud

Insurance Policy here would support a finding of a "direct" loss to "a merchant" whose

merchandise was fraudulently transferred by reason of a prepaid card scheme of the type

perpetrated against Lord & Taylor.

        50. GAIC's additional misconduct includes denying insurance coverage based

upon the improper argument that each instance of computer fraud is a separate "occurrence".

This argument is without merit as it contradicts the express definition of "occurrence" that GAIC

drafted and included in the Computer Fraud Insurance Policy that treats "a series of related acts"

as a single occurrence.

        51. GAIC also breached its duty of good faith and fair dealing by accusing Lord

& Taylor of failing to mitigate the loss.  This argument is without merit as Lord & Taylor acted

both quickly and reasonably to minimize the scope of the loss, involve local and federal law

enforcement, and cooperate with GAIC in the investigation of the insurance claim.  The

argument of GAIC is further belied by the fact that during the past year, GAIC never discussed

with Lord & Taylor any specific loss mitigation effort that GAIC believed should be taken by

Lord & Taylor.

        52. GAIC has further failed to inform Lord & Taylor of all possible bases of

insurance coverage under the Computer Fraud Insurance Policy.

docs-100082033.1

53. GAIC has thus breached: (a) the obligations set forth in the Computer Fraud Insurance Policy, and (b) the duties of good faith and fair dealing owed to Lord & Taylor. These breaches have caused damage to Lord & Taylor, including consequential damages.

54. GAIC knew at the time that it sold Lord & Taylor insurance coverage that additional damages and harm would be suffered by Lord & Taylor if GAIC improperly denied or delayed the payment of insurance coverage. Such damages are a natural and probable consequence of (and were proximately caused by) GAIC's breach of its insurance coverage obligations.

55. Such damages were reasonably foreseeable, as GAIC undoubtedly knows the importance of reliable and prompt payments of covered claims for businesses that suffer losses. Indeed, GAIC represents to policyholders at large that: "When you buy insurance, you are buying the promise that an insurance company can meet its obligations to you."

56. Such consequential damages were well within the contemplation of the parties at the time of contracting because GAIC recognizes that "A majority of the victims who suffer losses from fraud recover nothing." As such, GAIC was aware at the time it sold crime insurance to Lord & Taylor that Lord & Taylor would necessarily rely upon the prompt fulfillment of its "promise" of crime insurance protection—without it, Lord & Taylor's financial well-being would be imperiled given the unlikelihood of a recovery from any other source. GAIC touts that it understands Lord & Taylor's business industry, tailors its insurance coverage to its policyholders' needs, and expressly recognizes the significance of the "promise" of protection it makes.

docs-100082033.1

57. GAIC's breaches further include, but are not limited to, GAIC forcing Lord & Taylor to bring this action to enforce the insurance coverage that is expressly and rightfully owed to Lord & Taylor.

58. The economic incentives for GAIC to disregard its continuing obligations to act in good faith and fair dealing toward its policyholders regarding large-dollar claims include:

(a)   The cumulative interest earned on the policyholders' premiums and reserves during the periods of dispute;

(b)   The discounts sought by and extracted from policyholders in the compromise and settlement of almost all of the claims that policyholders pursue;

(c)   The cumulative value of claims abandoned by policyholders when policyholders accept GAIC's erroneous disclaimers or lose the will or ability to legally contest GAIC's conduct; and

(d)   Lower reinsurance premiums and better relations with its reinsurers.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

59. Lord & Taylor repeats and realleges the allegations of paragraphs 1 through 58 as if set forth herein.

60. As a direct result of the Computer Fraud Incident, Lord & Taylor has incurred, and will continue to incur losses and expenses covered under the Computer Fraud Insurance Policy.

61. GAIC has breached its obligations under the Computer Fraud Insurance Policy which it sold to Lord & Taylor, by failing to honor or by disputing its obligations to cover the losses suffered by Lord & Taylor.

docs-100082033.1

62. Lord & Taylor is entitled to a declaration by this Court of its rights and the obligations of GAIC under the Computer Fraud Insurance Policy with respect to the loss suffered by Lord & Taylor as a result of the Computer Fraud Incident.

63. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and Defendant regarding GAIC's obligations to cover the subject insurance claim.

64. Lord & Taylor thus seeks a judicial determination by this Court of GAIC's obligations to cover Lord & Taylor for its loss as a result of the Computer Fraud Incident.  Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

65. Lord & Taylor seeks its reasonable attorneys' fees in connection with the relief sought herein.

## SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT

66. Lord & Taylor repeats and realleges the allegations of paragraphs 1 through 65 as if set forth herein.

67. Lord & Taylor has incurred, and will incur in the future, loss because of the Computer Fraud Incident.

68. In breach of the Computer Fraud Insurance Policy, GAIC has failed or refused to accept its obligation to provide Lord & Taylor with insurance coverage for the loss.

69. As a result of this breach, GAIC is liable to Lord & Taylor for damages relating to the losses suffered by Lord & Taylor as a result of the Computer Fraud Incident, which presently are in excess of the amount of the applicable deductible.  The exact amount of damages sought by Lord & Taylor will be shown at trial.  GAIC is also liable for all other losses

docs-100082033.1

that Lord & Taylor may suffer in the future as a result of the Computer Fraud Incident, including consequential damages, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and pre-judgment and post-judgment interest.

70. By selling the Computer Fraud Insurance Policy to cover the risks to Lord & Taylor in New York and elsewhere, and collecting valuable premiums therefore, GAIC assumed a duty of good faith and fair dealing toward Lord & Taylor.

71. GAIC failed to meet the minimum standards set forth in New York by its claims handling misconduct, its unreasonable failure to honor its insurance coverage obligations, and its breach of the duty of good faith and fair dealing.

72. GAIC's duty of good faith and fair dealing to Lord & Taylor is implied by law in the Computer Fraud Insurance Policy GAIC sold and is implied by the insurance relationship between GAIC and Lord & Taylor.

73. The Computer Fraud Insurance Policy contains an implied promise that GAIC would deal fairly and in good faith with Lord & Taylor and would do nothing to injure, frustrate, or interfere with Lord & Taylor' rights to receive the benefits of the Computer Fraud Insurance Policy.

74. The covenant of good faith and fair dealing obligates GAIC to refrain from taking any action which would deprive Lord & Taylor of the benefits of the contract or to cause undue hardship or harm to Lord & Taylor.

75. GAIC has breached its duty of good faith and fair dealing to the extent GAIC has engaged in conduct calculated to further GAIC's own economic interests at the expense of its policyholder, Lord & Taylor.

docs-100082033.1

76. The New York Court of Appeals has established that New York law prohibits insurance companies from: improperly denying insurance coverage, in whole or in part; and delaying the payment of covered claims.  Under New York law, an insurance company that improperly refuses to honor its insurance coverage obligations, in whole or in part, is liable for consequential damages.

77. Consequential damages, under New York law, can include an award of the policyholder's attorneys' fees and legal costs incurred to enforce its insurance coverage rights against the breaching insurance company.  Insurance company bad faith can also justify an award of attorney fees to policyholders.

78. GAIC has breached its duty of good faith and fair dealing by, among other things:

    (a)    Unreasonably, inadequately and improperly investigating Lord & Taylor's claims and request for insurance coverage;

    (b)    Committing unfair and deceptive acts and practices in the handling of Lord & Taylor's claims concerning the Computer Fraud Incident, by, among other things, misrepresenting the scope of insurance protection sold to Lord & Taylor;

    (c)    Compelling Lord & Taylor to institute and litigate this action in order to gain the benefits of the Computer Fraud Insurance Policy purchased by Lord & Taylor;

    (d)    Failing to pay any amount of the loss suffered by Lord & Taylor within a reasonably prompt time after the proof of loss was sent to GAIC's claims handling agents;

    (e)    Making use of funds which should have been paid to Lord & Taylor in response to Lord & Taylor's requests for insurance coverage; and,

    (f)    Ignoring its own ethical standards and claims-handling procedures, which require that a claims-handler discover and disclose all bases for finding - - not avoiding - - insurance coverage.

docs-100082033.1

79. The position GAIC has taken regarding Lord & Taylor's claim for insurance coverage is not reasonable in view of the practice of the insurance trade and in view of existing law.  GAIC has violated its duty to act reasonably in good faith, abstain from deception and practice honesty and equity in its dealings with its policyholder, Lord & Taylor.

80. GAIC's wrongful acts caused damages to Lord & Taylor including, but not limited to, the losses Lord & Taylor has suffered and will suffer that are otherwise covered under the Computer Fraud Insurance Policy, as well as attorneys' fees and expenses in connection with prosecution of this action to recover against GAIC under the Computer Fraud Insurance Policy.

81. GAIC has acted toward Lord & Taylor with conscious disregard of Lord & Taylor's rights, and with the intent to vex, injure and annoy Lord & Taylor so as to constitute oppression, fraud, or malice, justifying consequential damages.

82. GAIC has breached or will breach the duties of good faith and fair dealing owed to Lord & Taylor by other acts and omissions of which Lord & Taylor presently is unaware.  GAIC's duty of good faith and fair dealing continues during the pendency of this case. Lord & Taylor reserves the right to seek leave of this Court to amend this Complaint at such time as it may ascertain other acts and omissions constituting such breaches.

WHEREFORE, Lord & Taylor requests judgment as follows:

1.      With respect to the First Cause of Action:

> Declaring that, pursuant to the terms of the Computer Fraud Insurance Policy, which GAIC sold to Lord & Taylor, GAIC is obligated to cover the losses incurred by Lord & Taylor resulting from the Computer Fraud Incident and awarding reasonable attorneys' fees for the prosecution of this suit;

2.      With respect to the Second Cause of Action:

> (a)     Awarding money damages, consequential damages, pre-judgment and post-judgment interest;

16

(b)     Requiring GAIC to (i) properly investigate, adjust and pay the losses of Lord & Taylor as a result of the Computer Fraud Incident; and to (ii) cover Lord & Taylor for all losses Lord & Taylor has incurred or will incur in connection with the Computer Fraud Incident, pursuant to the Computer Fraud Insurance Policy;

(c)     Enjoining GAIC from failing and refusing:

(i)     To properly handle and adjust the insurance claim filed by Lord & Taylor; and

(ii)    To indemnify Lord & Taylor for all sums Lord & Taylor has paid or will in the future become obligated to pay in connection with the Computer Fraud Incident;

(d)     Granting Lord & Taylor specific performance of the Computer Fraud Insurance Policy sold to Lord & Taylor by GAIC;

(e)     Granting Lord & Taylor consequential damages, including attorneys' fees and costs of suit;

(f)     Granting Lord & Taylor attorneys' fees; and

(g)     Granting Lord & Taylor such other and further relief as the Court may deem just and proper.

3.     With respect to all Causes of Action,

(a)     Granting Lord & Taylor reasonable attorneys' fees and the costs and disbursements of this action.

docs-100082033.1

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury as to all Counts so triable.

Dated: New York, New York
      December 28, 2018

                       ANDERSON KILL P.C.

                       William G. Passannante, Esq.
                       wpassannante@andersonkill.com
                       Joshua Gold, Esq.
                       jgold@andersonkill.com
                       Vianny M. Pichardo, Esq.
                       vpichardo@andersonkill.com
                       Anderson Kill P.C.
                       1251 Avenue of the Americas
                       New York, NY 10020-1182
                       Ph: (212) 278-1000
                       Fax: (212) 278-1733

                       Attorneys for Plaintiff
                       LORD & TAYLOR LL