**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LORD & TAYLOR LLC | ) | |
| | ) | |
| Plaintiff | ) | No. 18-cv-12312 (KPF) |
| | ) | |
| -against- | ) | |
| | ) | |
| GREAT AMERICAN INSURANCE | ) | **DEFENDANT'S ANSWER AND** |
| COMPANY, | ) | **GROUNDS OF DEFENSE** |
| Defendant | ) | |

Defendant Great American Insurance Company ("Great American") answers the complaint [ECF No. 1] filed against it by Lord & Taylor, LLC ("Lord and Taylor") as follows.

1. Great American admits the allegation in paragraph 1 of the complaint that this case arises from an insurance coverage dispute, but denies the remaining allegations in paragraph 1.

2. Great American lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 2 of the complaint and therefore denies such allegations. Great American denies the allegation in the second sentence of paragraph 2 of the complaint that Lord & Taylor prevented potential thefts "to the benefit of [Great American]." Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 2 and therefore denies such allegations.

3. Great American denies the allegations in paragraph 3 of the complaint.

4. Great American admits the allegation in paragraph 4 of the complaint that Lord & Taylor is asserting claims for declaratory judgment and breach of contract, but denies that those claims have any merit, denies that Lord & Taylor is entitled to recover any relief, and denies any and all remaining allegations in paragraph 4.

5.      The document described in the first sentence of paragraph 5 of the complaint speaks for itself. Great American denies the allegations in the first sentence of paragraph 5 to the extent the allegations are inconsistent with the document referenced therein. Great American denies the allegations in the second and third sentences of paragraph 5 to the extent they imply that Lord & Taylor is the first named insured under the policy. Great American admits the remaining allegations in paragraph 5.

6.      Great American admits the allegations in the first and second sentences of paragraph 6 of the complaint that Lord & Taylor seeks a declaration that construes the terms of the insurance policies at issue, but denies that Lord & Taylor is entitled to the declaration it seeks and denies that Lord & Taylor's proposed construction of the policy is correct. Great American lacks sufficient information or knowledge to admit or deny the allegation in the second sentence of paragraph 6 that Lord & Taylor sustained losses in the manner described and therefore denies such allegations. Great American denies the remaining allegations in paragraph 6.

7.      Great American admits the allegation in paragraph 7 of the complaint that Lord & Taylor seeks to enforce the insurance policies at issue, but denies that Lord & Taylor is entitled to such relief or to any relief whatsoever. Great American denies the remaining allegations in paragraph 7.

8.      Great American denies the allegations in paragraph 8 of the complaint.

9.      Great American denies the allegations in paragraph 9 of the complaint.

10.     Great American denies the allegations in paragraph 10 of the complaint.

11.     Paragraph 11 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Great American denies the allegations in paragraph 11 of the complaint.

12.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12 of the complaint and therefore denies such allegations.

13.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the complaint and therefore denies such allegations.

14.     Great American admits the allegations in paragraph 14 of the complaint.

15.     Great American admits the allegations in paragraph 15 of the complaint.

16.     Great American admits the allegations in the first sentence of paragraph 16 of the complaint. Great American denies the allegations in the second sentence of paragraph 16 to the extent they imply that Great American's entire Fidelity/Crime Division is located at the address listed in paragraph 16, but admits the remaining allegations in paragraph 16.

17.     Great American denies the allegations in paragraph 17 of the complaint.

18.     Great American admits the allegations in paragraph 18 of the complaint.

19.     Great American denies the allegations in paragraph 19 of the complaint to the extent they imply that "the claims handling conduct" described in other sections of the complaint occurred in the manner alleged. Great American admits the allegation in paragraph 19 that some of the claims handling activities undertaken by Great American occurred in New York, but denies that all of those activities were "directed at Lord & Taylor's operations in New York."

20.     Great American denies the allegations in paragraph 20 of the complaint to the extent they allege that this Court has general jurisdiction over Great American. Great American admits the remaining allegations in paragraph 20.

21.     Paragraph 21 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Great American denies that paragraph 21 accurately describes or applies the legal requirements for establishing the existence of jurisdiction under 28

U.S.C. § 1332. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 21 regarding Lord & Taylor's place of organization and principal place of business and therefore denies such allegations. Great American admits the remaining allegations in paragraph 21.

22.     The first, second, and third sentences of paragraph 22 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Great American denies that paragraph 22 accurately describes or applies the legal requirements for establishing personal jurisdiction or venue. Great American admits the remaining allegations in the first sentence of paragraph 22. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 22 and therefore denies such allegations. Great American denies the allegation in the third sentence of paragraph 22 that it "directed [its] conduct, actions and activities to Lord & Taylor's agents in New York in connection with this dispute" to the extent it implies that the events and occurrences described other sections of the complaint occurred in the manner alleged. Great American admits the remaining allegations in the third sentence of paragraph 22.

23.     Great American admits the allegation in the first sentence of paragraph 23 of the complaint that it received notice of a potential loss involving Lord & Taylor in early March of 2017. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of paragraph 23 and therefore denies such allegations. Great American lacks sufficient information or knowledge to admit or deny the allegations in the second sentence of paragraph 23 and therefore denies such allegations.

24.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the complaint and therefore denies such allegations.

4

25.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the complaint and therefore denies such allegations.

26.     Great American admits the allegation in paragraph 26 of the complaint that Lord & Taylor notified Great American of the alleged loss that is the subject of the complaint, but Great American lacks sufficient information or knowledge to admit or deny that Lord & Taylor provided notice "promptly" and therefore denies such allegation. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 26 of the complaint and therefore denies such allegations.

27.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 27 of the complaint and therefore denies such allegations.

28.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 28 of the complaint and therefore denies such allegations.

29.     The document described in paragraph 29 of the complaint speaks for itself. Great American denies the allegations in paragraph 29 to the extent they are inconsistent with the document referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 29 and therefore denies such allegations.

30.     The documents described in paragraph 30 of the complaint speak for themselves. Great American denies the allegations in paragraph 30 to the extent they are inconsistent with the documents referenced therein. Great American denies the allegations in paragraph 30 to the extent they imply that Lord & Taylor provided complete responses to all of the requests for information and documents made by Great American during its investigation of the insurance claim at issue.

31.     Great American admits the allegation in paragraph 31 of the complaint that it denied the insurance claim at issue on January 22, 2018. Great American denies the characterizations in paragraph 31 to the extent they are inconsistent with the denial letter, which speaks for itself.

32.     The document described in paragraph 32 of the complaint speaks for itself. Great American denies the allegations in paragraph 32 to the extent they are inconsistent with the document referenced therein.

33.     Great American denies the allegations in paragraph 33 of the complaint.

34.     Great American admits the allegation in paragraph 34 of the complaint that Lord & Taylor paid premiums for the insurance policy at issue, but denies the remaining allegation in paragraph 34.

35.     Great American denies the allegations in paragraph 35 of the complaint.

36.     The document described in paragraph 36 of the complaint speaks for itself. Great American denies the allegations in paragraph 36 to the extent they are inconsistent with the document referenced therein.

37.     The document described in paragraph 37 of the complaint speaks for itself. Great American denies the allegations in paragraph 37 to the extent they are inconsistent with the document referenced therein.

38.     The document described in paragraph 38 of the complaint speaks for itself. Great American denies the allegations in paragraph 38 to the extent they are inconsistent with the document referenced therein.

39.     The document described in paragraph 39 of the complaint speaks for itself. Great American denies the allegations in paragraph 39 to the extent they are inconsistent with the document referenced therein.

40.     The document described in paragraph 40 of the complaint speaks for itself. Great American denies the allegations in paragraph 40 to the extent they are inconsistent with the document referenced therein.

41.     The document described in paragraph 41 of the complaint speaks for itself. Great American denies the allegations in paragraph 41 to the extent they are inconsistent with the document referenced therein.

42.     Great American denies the allegations in paragraph 42 of the complaint.

43.     Great American denies the allegation in paragraph 43 that Lord & Taylor had an objectively reasonable expectation that the type of loss at issue in this case would be covered by the policy it obtained from Great American. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 43 regarding Lord & Taylor's subjective expectations and therefore denies such allegations.

44.     The document described in the first sentence of paragraph 44 of the complaint speaks for itself. Great American denies the allegations in the first sentence of paragraph 44 to the extent they are inconsistent with the document referenced therein. Great American denies the allegations in the second sentence of paragraph 44.

45.     Great American denies the allegations in paragraph 45 of the complaint.

46.     Great American denies the allegations in paragraph 46 of the complaint.

47.     Great American denies the allegations in paragraph 47 of the complaint.

48.     Great American denies the allegations in paragraph 48 of the complaint.

49.     Great American denies the allegations in paragraph 49 of the complaint.

50.     Great American denies the allegations in paragraph 50 of the complaint.

51.     Great American denies the allegations in paragraph 51 of the complaint.

52.     Great American denies the allegations in paragraph 52 of the complaint.

53.     Great American denies the allegations in paragraph 53 of the complaint.

54.     Great American denies the allegations in paragraph 54 of the complaint.

55.     Great American denies the allegations in the first sentence of paragraph 46 of the complaint. The document impliedly reference in the second sentence of paragraph 55 speaks for itself. Great American denies the allegations in the second sentence of paragraph 55 to the extent they are inconsistent with the document referenced therein.

56.     Great American denies the allegation in the first sentence of paragraph 56 of the complaint that the unspecified consequential damages Lord & Taylor claims to have suffered were within its contemplation at the time of contracting. The document impliedly referenced in the remaining allegations in the first sentence of paragraph 56 speaks for itself. Great American denies those allegations to the extent they are inconsistent with the referenced document. Great American denies the allegations in the second sentence of paragraph 56. Great American denies the characterization of its marketing efforts as "tout[ing]" the matters listed in the third sentence of paragraph 56, but admits that it has a general understanding of Lord & Taylor's industry, tailors its insurance coverage to its policyholders' needs, and recognizes the significance of the promise of protection it makes to policyholders.

57.     Great American denies the allegations in paragraph 57 of the complaint.

58.     Great American denies the allegations in paragraph 58 of the complaint.

59.     Great American incorporates it responses to paragraphs 1-58 of the complaint as though set forth fully herein.

60.     Great American denies the allegations in paragraph 60 of the complaint.

61.     Great American denies the allegations in paragraph 61 of the complaint.

62.     Great American denies the allegations in paragraph 62 of the complaint.

63.     Great American denies the allegations in paragraph 63 of the complaint to the extent that the phrase "[b]y reason of the foregoing" implies that all of the preceding allegations in the complaint are true. Great American admits the remaining allegations in paragraph 63.

64.     Great American admits the allegation in paragraph 64 of the complaint that Lord & Taylor seeks a judicial determination that the insurance claim at issue is covered, but denies that Lord & Taylor is entitled to such a determination or to any relief whatsoever.

65.     Great American admits the allegation in paragraph 65 of the complaint that Lord & Taylor seeks to recover attorney's fees, but denies that Lord & Taylor is entitled to recovery such relief or to recover any relief whatsoever.

66.     Great American incorporates its responses to paragraphs 1-65 of the complaint as though set forth fully herein.

67.     Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 67 of the complaint and therefore denies such allegations.

68.     Great American denies the allegations in paragraph 68 of the complaint.

69.     Great American denies the allegations in paragraph 69 of the complaint.

70.     Paragraph 70 of the complaint states legal conclusions to which no response is required. Great American denies the allegations in paragraph 70 to the extent they are inconsistent with the applicable law.

71.     Great American denies the allegations in paragraph 71 of the complaint.

72.     Paragraph 72 of the complaint states legal conclusions to which no response is required. Great American denies the allegations in paragraph 72 to the extent they are inconsistent with the applicable law.

73.     The document described in paragraph 73 of the complaint speaks for itself. Great American denies the allegations in paragraph 73 to the extent they are inconsistent with the document described therein.

74.     Paragraph 74 of the complaint states legal conclusions to which no response is required. Great American denies the allegations in paragraph 74 to the extent they are inconsistent with the applicable law.

75.     Great American denies the allegations in paragraph 75 of the complaint.

76.     Paragraph 76 of the complaint states legal conclusions to which no response is required. Great American denies the allegations in paragraph 76 to the extent they are inconsistent with the applicable law.

77.     Paragraph 77 of the complaint states legal conclusions to which no response is required. Great American denies the allegations in paragraph 77 to the extent they are inconsistent with the applicable law.

78.     Great American denies the allegations in paragraph 78 of the complaint.

79.     Great American denies the allegations in paragraph 79 of the complaint.

80.     Great American denies the allegations in paragraph 80 of the complaint.

81.     Great American denies the allegations in paragraph 81 of the complaint.

82.     Great American denies the allegations in the first sentence of paragraph 82 of the complaint. The second sentence of paragraph 82 states legal conclusions to which no response is required. Great American denies the allegations in the second sentence of paragraph 82 to the extent they are inconsistent with the applicable law. Great American denies the allegation in the third sentence of paragraph 82 of the complaint that Lord & Taylor has the right to seek leave of

this Court to amend the complaint to the extent that any such right is limited by the applicable rules and orders of the Court.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted, and therefore, must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The complaint is barred because Lord & Taylor failed to comply with the terms and conditions of the policy and/or because the alleged loss is not covered by the policy.

## THIRD AFFIRMATIVE DEFENSE

The complaint is barred by the applicable policy exclusions and all available policy language and limitations.

## FOURTH AFFIRMATIVE DEFENSE

Lord & Taylor's claims are barred since Lord & Taylor has failed and refused to comply with conditions precedent contained within the policy.

## FIFTH AFFIRMATIVE DEFENSE

The complaint is barred and/or some or all of the Lord & Taylor's damages may be foreclosed by Lord & Taylor's failure to mitigate damages.

Great American denies that Lord & Taylor is entitled to any of the relief listed in its "wherefore" clause, or any relief at all. Wherefore, Great American requests that the complaint be dismissed with prejudice and that it be awarded its attorneys' fees, costs, and all other necessary and appropriate relief.

DATED:      White Plains, New York 10606
            January 25, 2019.

                              Respectfully submitted,

                              **GREAT AMERICAN INSURANCE
                              COMPANY**

                              _(signature)_

                              Geraldine A. Cheverko, Esq. [GAC1747]
                              ECKERT SEAMANS CHERIN & MELLOTT, LLC
                              10 Bank Street, Suite 700
                              White Plains, New York  10606
                              Tel:    (914) 949-2909
                              Direct: (914) 286-2812
                              Fax:    (914) 949-5424
                              E-mail: gcheverko@eckertseamans.com

                              Michael A. Graziano (*pro hac vice* anticipated)
                              ECKERT SEAMANS CHERIN & MELLOTT, LLC
                              1717 Pennsylvania Avenue, N.W., 1200
                              Washington, D.C.  20006
                              Tel:    (202) 659-6671
                              Fax:    (202) 659-6699
                              E-mail: mgraziano@eckertseamans.com

                              *Attorneys for Great American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, true and correct copies of the foregoing Defendant's Answer and Grounds of Defense were served:

        Vianny Maria Pichardo, Esq.
        William Gorman Passannante, Esq.
        Joshua Gold, Esq.
        Anderson Kill & Olick, P.C.
        1251 Avenue of Americas
        New York, NY 10020

                              _(signature)_

                              Geraldine A. Cheverko, Esq.